# EXHIBIT B

☐ORIGINAL

Filed
10 July 22 P6:25
Laura Hinojosa
District Clerk
Hidalgo District

CAUSE NO. C-2302-10-BG

| | | |
|---|---|---|
| SUNGATE DEVELOPMENT, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 93rd 370th |
| v. | § | 93 TH JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| AMERICA D/B/A SAFECO INSURANCE, | § | |
| AMERICAN ECONOMY INSURANCE | § | |
| COMPANY, VALLEY INSURANCE | § | |
| PROVIDERS, AND FIRESTONE BUILDING | § | |
| PRODUCTS COMPANY, LLC | § | |
| Defendants. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF SUNGATE DEVELOPMENT, LLC's ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW SUNGATE DEVELOPMENT, LLC,** the Plaintiff in the above-referenced cause (hereinafter "Plaintiff"), and makes and files this his Original Petition against Defendants **SAFECO INSURANCE COMPANY OF AMERICA D/B/A SAFECO INSURANCE** (hereinafter "Defendant Safeco"), **AMERICAN ECONOMY INSURANCE COMPANY** (hereinafter "Defendant American Economy"), **VALLEY INSURANCE PROVIDERS** (hereinafter "Defendant Valley Insurance"), and **FIRESTONE BUILDING PRODUCTS COMPANY, LLC** (hereinafter Defendant Firestone"):

### I.
### INTRODUCTION

1.1    Plaintiff Sungate Development Company, LLC, is a limited liability corporation with its principle office and property located in Hidalgo County, Texas.

1.2    Defendant Safeco Insurance Company of America d/b/a Safeco Insurance is general insurance company authorized to do business in the State of Texas and may be served with process and citation as follows:

**SAFECO INSURANCE COMPANY OF AMERICA**
**D/B/A SAFECO INSURANCE**
**BY AND THROUGH ITS REGISTERED AGENT**

**CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701-3218**

**OR WHEREVER IT MAY BE FOUND**

1.2    Defendant American Economy Insurance Company is general insurance

company authorized to do business in the State of Texas and may be served with process and

citation as follows:

**AMERICAN ECONOMY INSURANCE COMPANY**
**BY AND THROUGH ITS PRESIDENT**
**GARY RICHARD GREGG**
**175 BERKELEY STREET**
**BOSTON, MASSACHUSETTS 02116**

**OR WHEREVER HE MAY BE FOUND**

1.3    Defendant Valley Insurance Providers is general insurance company authorized

to do business in the State of Texas and may be served with process and citation as follows:

**VALLEY INSURANCE PROVIDERS**
**BY AND THROUGH ITS PRESIDENT**
**320 W. FERGUSON**
**PHARR, TEXAS 78577**

**OR WHEREVER HE MAY BE FOUND**

1.3    Defendant Firestone Building Products Co is a corporation authorized to do

business in the State of Texas and may be served with process and citation as follows:

**FIRESTONE BUILDING PRODUCTS COMPANY, LLC**
**BY AND THROUGH ITS PRESIDENT**
**250 W. 96TH STREET**
**INDIANAPOLIS, INDIANA 46260**

**OR WHEREVER HE MAY BE FOUND**

## II.
## DISCOVERY CONTROL PLAN

2.1    This matter should proceed under discovery control Plan Level 3 pursuant to Texas Rules of Civil Procedure 190.4 and Plaintiff hereby makes a motion to this Court for a Level 3 discovery control plan.

## III.
## VENUE

3.1    Venue is proper in Hidalgo County, Texas because this is a suit against an insurance company and the insured property is located in Hidalgo County, Texas. Venue is also proper in Hidalgo County, Texas because this is the county in which all or a substantial part of the events or omissions given rise to the claim occurred pursuant to TEX.C.P.R.C. §15.032. Venue is proper for all Defendants pursuant to TEXC.P.R.C. §15.005

## IV.
## FACTS

4.1    Plaintiff Garcia contracted and purchased insurance policies by and with Defendants to cover property loss and to protect the following building from damage:

    1)    **1500 Wichita Avenue**
          **McAllen, Texas 78503**

Plaintiff Garcia purchased policy number 01-CH-596456-1 to provide insurance coverage and protect the above referenced building from among other things direct physical damage and/or loss caused by windstorm or wind-driven rain and storm caused openings. Defendant Valley Insurance is the agent broker who sold the policies on behalf of Defendants Safeco and American Economy. On or about July 23rd and 24th, 2008, Hurricane Dolly struck South Texas causing severe damage and loss to Plaintiff for his insured property. As a result of the hurricane, Plaintiff's insured property received storm-caused damage. Plaintiff dutifully notified the insurance agent broker and insurer of the claim for losses suffered on the property

listed above, thereby putting his insurer on notice of covered losses. Defendants thereafter failed to investigate, failed to reasonably settle, and/or failed to compensate Plaintiff for his covered losses resulting from storm-caused damage to the covered property. Defendants have improperly and in bad faith unreasonably delayed their investigation and payment of the covered losses and have intentionally failed to assess the damage and accept or deny the claim.

4.2     Defendant Firestone installed and warranted the roof on said building. Plaintiff has notified Defendant Firestone on multiple occasions that said roof leaks and is damaged. Defendant Firestone has failed to honor its warranty and repair said roof in an acceptable manner.

## V.
## DECLARATORY RELIEF

5.1     Plaintiff is a first party insured of the policy purchased through Defendant Valley Insurance and with Defendants Safeco and American Economy. Pursuant to the Declaratory Judgment Act, Chapter 37.001 et al of the Texas Civil Practices & Remedies Code, Plaintiff seeks this Court to declare Plaintiff's rights, duties and responsibilities under the policy as alleged herein in Plaintiff's Original Petition and all representations therewith under the contract of insurance between the parties in accordance with Texas law.

## VI.
## BREACH OF CONTRACT

6.1     Defendants have breached their contract with Plaintiff by wrongfully denying coverage and/or unreasonably imposing obligations on Plaintiff, changing the coverage and conditions, post-loss, in order to thwart and bar rightful claims under the insurance policy. Moreover, Defendants have breached their obligations under the contract with Plaintiff by failing to perform proper evaluations and assessments of Plaintiff's properties and damages,

including overvaluing properties, insuring properties that did not exist, insuring contents that did not exist and causing excessive and unconscionable deductibles of certain property claims by the Plaintiff. Defendants have been caused damages as a result of Defendants breach of the contract terms.

## VII.
## INSURANCE CODE VIOLATIONS

7.1     Defendants have acted in violation of the Texas Insurance Code §541.051 by unfairly and deceptively misrepresenting that these policies would provide coverage to the Plaintiff. Defendants unfairly and deceptively caused to be published and disseminated information that their policies would provide coverage to persons such as Plaintiff in violation of the Texas Insurance Code §541.051.

7.2     Defendants have engaged in unfair and deceptive settlement practices by misrepresenting material facts or policy provisions in denying coverage and/or failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of claims for which insurers liability has become reasonably clear, refusing to pay a claim without conducting reasonable investigations with respect to the claim, in violation of Texas Insurance Code §541.060.

7.3     Defendants have engaged in unfair and deceptive practices by misrepresenting a policy to provide coverage and receiving the benefits of payment of premiums and then later denying the claim or making unreasonable claim settlement offers in violation of Texas Insurance Code §541.061.

7.4     Plaintiff is entitled to damages as may be allowed at law pursuant to Texas Insurance Code §541.151, §541.152, and §17.46(b) of the Texas Business of Commerce Code.

7.5    In mishandling Plaintiff's claims and failing, even to this day, failing to fairly effectuate settlement of Plaintiff's claims, Defendants have violated the following sections of the Texas Insurance Code:

1)    §541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendants' liability has become reasonably clear;

2)    §541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a clam to a policyholder; and

3)    §541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Defendants' violations of the Texas Insurance Code have proximately caused the Plaintiff damages. Plaintiff further seeks interest and attorney's fees under the Texas Insurance Code for Defendants' violations.

## VIII.
## BAD FAITH

8.1    Defendants owed Plaintiff a duty of good faith and fair dealing in investigating and adjusting his losses and claims. Plaintiff maintained an insurance contract with the Defendants as noted above. At all times relevant herein, Defendants did not attempt to settle the insured's claim fairly after they knew or should have known that coverage for the claim was reasonably clear. Defendants had actual knowledge of the claim and knew that coverage was reasonably clear and/or should have known that coverage was reasonably clear in discharging its duty to investigate. Defendants, despite the fact that they knew or should have known that coverage was reasonably clear, have failed to make prompt payment and/or offer reasonable settlement of the claims to Plaintiff for his insured losses and damages and have failed to properly investigate this claim. Plaintiff is entitled to actual damages for his personal injuries as well as those damages for the benefits under the policy.

## VIX.
## TEXAS DECEPTIVE TRADE PRACTICE VIOLATIONS

9.1    Plaintiff incorporates each of the previous allegations set forth above herein.

Defendants underwrote the policy and provided licensed adjusters to investigate and adjust the

claims. Defendants conduct constitutes unfair and deceptive acts or practices in violations of

the follow sections of the Texas Deceptive Trade Practices Protection Act:

> 1)  §17.46(b)(5), for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;
>
> 2)  §17.46(b)(7), for representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and
>
> 3)  §17.46(b)(12), for representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

9.2    Plaintiff brings suit under these sections of the Texas DTPA for is actual

damages set forth herein, and by reason of Defendants knowing and/or intentional conduct,

and brings suit for additional damages as allowed by §17.50(b)(1) of the Texas Business and

Commerce Code.

## X.
## NEGLIGENCE

10.1    Defendants owed Plaintiff a duty to conduct their claims handling, investigation

and adjustment in a reasonable and fair manner and in accordance with the appropriate

standard of care in the business of insurance. Defendants' breached this standard of care and

the damages sustained by Plaintiff was proximately caused, in whole or in part, by the

negligence of the Defendants in their claim handling, investigation, and in the adjustment of

these claims. All damages suffered including property and contents are within the jurisdictional limits.

## XI.
## GROSS NEGLIGENCE

11.1   Defendants' negligence demonstrated willful and wonting disregard for the rights, welfare and safety of Plaintiff and in derogation of Plaintiff's rights, therefore, Plaintiff is entitled to exemplary damages against the Defendants.

## XII.
## ACTUAL DAMAGES AND TREBLING OF DAMAGES

12.1   Defendants' conduct as described above was a producing and/or proximate cause of Plaintiff's economic damages. As a result, Plaintiff has sustained damages in an amount in excess of the minimum jurisdictional limits of this Court. These acts and omissions, as well as other acts and omissions, on the part of the Defendants were done knowingly and/or alternatively, with intent, or with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award additional damages of up to three (3) times the sum of the actual damages suffered by Plaintiff.

## XIII
## BREACH OF WARRANTY

13.1   In addition to the allegations made above with regards to breach of contract, Plaintiff would show that Firestone provided a roof and warranted the roof to be good and workmanlike. The roof has developed severe leaks that Defendant Firestone has failed to repair in accordance with the warranty provided. Plaintiff has been damaged as a result of Defendant Firestone's failure to honor its warranty.

## XIV
## ATTORNEYS FEES

14.1    Defendants' conduct as described in this Petition and the resulting damage and loss of the Plaintiff has necessitated Plaintiff's retention of the attorney's whose names are subscribed to this Petition. Plaintiff is, therefore, entitled to recover from the Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as reasonable attorney's fees for any and all necessary appeals to other courts. Attorney's fee are proper pursuant to §38.001 of the Texas Civil Practices & Remedies Code, The Texas Insurance Code and the Texas Deceptive Trade Practices Act.

## XV
## CONDITIONS PRECEDENT

15.1    All of the conditions precedent to bringing this suit and to Defendants' liability under the policy for the claims have been performed, or are occurring, or did not occur because limitations was about to run and/or notice was impractical due to limitations.

## XVI
## JURY DEMAND

16.1    Plaintiff respectfully request trial of this cause before a jury of his peers.

## XVI
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendant **SAFECO INSURANCE COMPANY OF AMERICA D/B/A SAFECO INSURANCE, AMERICAN ECONOMY INSURANCE COMPANY, VALLEY INSURANCE PROVIDERS, AND FIRESTONE BUILDING PRODUCTS CO.** be cited to appear and answer herein, and that upon trial of this cause, judgment be entered in his favor against Defendants for the following:

1) Judgment against Defendants for actual and exemplary damages in excess of the minimum jurisdictional limits of this court including all property and content damages;

2) treble damages as allowed by the Texas Business Commerce Code and the Texas Insurance Code;

3) pre-judgment interest as provided by law;

4) post-judgment interest as provided by law;

5) attorney's fees;

6) costs of suit; and

7) all other relief to which Plaintiff may justly show himself entitled to receive, at law or in equity.

Respectfully submitted,

**GARCIA & VILLARREAL, L.L.P.**
4311 North McColl Road
McAllen, Texas 78504
Telephone No.: (956) 630-0081
Telecopier No.: (956) 630-3631

By: _____
Ted Rodriguez, Jr.
State Bar No. 00788307
**ATTORNEYS FOR PLAINTIFF SUNGATE DEVELOPMENT, LLC**

**Laura Hinojosa**
Hidalgo County District Clerk
Post Office Box 87
Edinburg, Texas 78540

THE STATE OF TEXAS

CERTIFIED MAIL

7010 1670 0000 6911 6505

US POSTAGE
$ 10.185
08/31/2010
Mailed From 78539

neopost

Return Receipt Requested
Restricted Delivery Addressee Only

Safeco Insurance of America
By serving Agent: Corporation Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

78701-3218 C015



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

**DKS / ALL**
**Transmittal Number: 7972676**
**Date Processed: 09/03/2010**

| | |
|---|---|
| **Primary Contact:** | Mulu Asgehedom<br>Safeco Corporation<br>1001 4th Avenue<br>Floor 27th<br>Seattle, WA 98154-1101 |
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number 2781189 |
| **Entity Served:** | Safeco Insurance Company of America |
| **Title of Action:** | Sungate Development, LLC vs. Safeco Insurance Company of America d/b/a<br>Safeco Insurance |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court:** | Hidalgo County District Court, Texas |
| **Case Number:** | C-2302-10-G |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/02/2010 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Ted Rodriguez<br>956-630-0081 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

COPY

C-2302-10-G
DISTRICT COURT, HIDALGO COUNTY, TEXAS370 JUDICIAL DISTRICT
OF TEXAS
------------------------------------------------------------------------
CITATION
------------------------------------------------------------------------
SUNGATE DEVELOPMENT, LLC

vs.

SAFECO INSURANCE COMPANY OF AMERICA, ET AL
------------------------------------------------------------------------

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney.
If you of your attorney do not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty (20) days after you were served this citation
and petition, a default judgment may be taken against you.
    To: SAFECO INSURANCE OF AMERICA
        BY SERVING AGENT: CORPORATION SERVICE COMPANY
        211 E. 7TH STREET, SUITE 620
        AUSTIN, TEXAS 78701-3218

        You are hereby commanded to appear by filing a written answer to
the PLAINTIFF SUNGATE DEVELOPMENT LLC'S ORIGINAL PETITION  at or before 10:00
o'clock a.m.  on the Monday next after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 370 Judicial District
Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg,
Texas 78539.
        Said Petition was filed on the 22nd of July,
2010 and a copy of same accompanies this citation.
The file number and style of said suit being No. C-2302-10-G

                        SUNGATE DEVELOPMENT, LLC
                                vs.
                SAFECO INSURANCE COMPANY OF AMERICA, ET AL

        Said Petition was filed in said Court by RODRIGUEZ, TED, JR.
whose address is 4311 N. MCCOLL, MCALLEN, TEXAS 78504.

        The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof.
        The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs.
        Issued and Given under my hand and seal of said Court, at
Edinburg, Texas this the 31st day of August, 2010

                        Laura Hinojosa, District Clerk
                        Hidalgo County, Texas
                        By:
                            ROXANNA DE LA CRUZ ,DEPUTY CLERK

CERTIFICATE OF RETURN
UNDER RULES 103 T.R.C.P.

This is to certifiy that on the 31st day of August, 2010  I, ROXANNA DE LA
CRUZ   DEPUTY CLERK of the 370th Judicial Court of Hidalgo County, Texas
mailed to the defendant in cause number C-2302-10-G, SUNGATE DEVELOPMENT,
LLC vs.  SAFECO INSURANCE COMPANY OF AMERICA, ET ALa copy of the citation
along with a copy of the petition by certified mail return receipt
requested that on the _____ day of _____, 2010 receipt was
returned served on the ____ day of _____, 2010 (or unserved for the
reason on the certificate return)_____

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Edinburg
Texas this the _____ day of _____, 2010
                          LAURA HINOJOSA, DISTRICT CLERK
                          HIDALGO COUNTY, TEXAS

                          BY:_____